## No. 10,248.

THE STATE OF LOUISIANA AND CITY OF NEW ORLEANS VS. THE TRADERS' BANK.

41 329
106 393

41 329
e112 228

Under the provisions of Act No. 101 of 1886, the defendant bank is liable to each, the State and the City, for a license of $600.

The licenses asked are equal and uniform on all banks within the purview of the eighth class, mentioned in said act,

The constitutional requirement that licenses be graduated, leaves it to the Legislature to determine the method to be adopted in effecting such graduation. The judiciary has no authority to interfere in such matter, in the absence of any rule to guide its investigation and scrutiny.

The court cannot distinguish between odious laws and laws entitled to favor.

Its duty is, when the same are not unconstitutional, to interpret and apply them, as they are found in the statutes.

A PPEAL from the Civil District Court for the Parish of Orleans.
*Ellis*, J.

*W. B. Sommerville* for Plaintiffs and Appellees :

The General Assembly shall graduate the amount of license tax to be collected. Constitution, Art. 206.

It is not in the power of the courts to lay down any rule for graduating license taxes. 35 Ann. 76 ; 36 Ann. 94; 37 Ann. 42; 38 Ann. 897; 4th So. R. 504 and 512.

Municipal corporations have the right to make rules for the collection of taxes due them. 26 Ann. 674, 708 and 710.

The State and city are entitled to restraining orders commanding license tax delinquents to desist from the further pursuit of their business until their licenses are paid. Section 17, p. 184, Act 101 of 1886; Act 119 of 1882.

*White & Saunders* for Defendant and Appellant:

1. Defendant bank is sued for State and city licenses under the Act of 1886 and the city ordinance.

2. Its defense is, that the pretended graduation, as to banks, contained in the License Law of 1886, is virtually no graduation at all. As shown by the statement on file, it finds no application with reference to the banks actually existing in this State; all banks, with one single exception, being thrown into one class.

3. A license law which practically puts all persons pursuing a particular business in the same class. no matter how different the capitals or results of the several licenses, is not a graduation under the Constitution, and is, therefore, unconstitutional.

4. As a law would be unconstitutional which would expressly put all licenses on the same footing without any pretense of graduation, so and equally is a law unconstitutional which adopts only a pretext of graduation. By pretext of graduation, we mean a scheme which refers to business on a scale of magnitude not known in this State, and the effect of which is to put all licenses in the same class.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs sue to recover the sum of six hun-

dred dollars, respectively due them by the defendant bank, for its licenses for the year 1888, payable on March 1st, of that year. Certain interest and attorneys' commissions are also asked.

The defenses are, that the licenses are not equal and uniform and not graduated, as required by Articles 203 and 206 of the Constitution ; that the Act of 1886, No. 101, under which the licenses are claimed, is unconstitutional and void, and that the licenses are demandable under Act 4 of 1882, which fixes the same at $200 for each of the plaintiffs.

From a judgment for plaintiffs, the defendant appeals.

By answer to the appeal, plaintiffs ask that the judgment appealed from be amended by allowing an injunction to prevent defendant from carrying on its business, until the licenses are paid, which prayer the District Court ignored.

### I.

The Constitution, Article 203, provides that taxation shall be equal and uniform, etc.

By reference to the Act of 1886, it appears that the licenses of $600 claimed by the State and by the city as due each, is equal and uniform on all banks constituting the eighth class, namely : those, the capital of which is less than $800,000.

Had the licenses claimed been the same on all the other classes, they would be amenable to the charge of lacking equality and uniformity. 23 Ann. 449, 663 ; 26 Ann. 140 ; 28 Ann. 102.

### II.

The Constitution, Article 206, provides, that " the General Assembly may levy a license tax, and in such case, shall graduate the amount of such tax, to be collected from the persons pursuing the several trades, professions and callings."

In a number of cases, this court has been called upon to consider this constitutional provision and to determine the extent of the power vested by it in the Legislature and the mode in which it was to be exercised.

Considering that no restriction was placed by the Constitution on the Legislature, it has held, that this body has the exclusive right of determining the *method* in which the graduation should take place.

The latitude left may be an occasion for abuses ; but the judiciary cannot, on that account, undertake to check legislative and administrative discretion, by correcting mistakes and errors of judgment. 35 Ann. 76 ; 36 Ann. 94 ; 37 Ann. 42 ; 38 Ann. 397 ; 40 Ann. 463.

The charge that the graduation is not fair and equitable and operates

unjustly on the defendant, does not authorize this court to institute an inquiry behind the action of the Legislature and to declare that the amount of the licenses asked is disproportionate and excessive, in the absence of any constitutional mandate and of rules of comparison prescribed by the organic law, to enable it to reach such conclusions.

The distinction of laws into odious laws and laws entitled to favor, with a view of narrowing, or extending their construction, cannot be made by those whose duty it is to interpret them. R. C. C. 20.

We do not consider that the defendant claims shelter under the Act of 1888, which was adopted *after* the licenses had become exigible.

The Act of 1886, and not that of 1882, is the proper authority for the claims herein.

Under Section 17 of the former Act, p. 184, the plaintiffs are entitled to the amendment asked by them.

It is, therefore, ordered and decreed that the judgment appealed from be amended so that the defendant bank be enjoined from pursuing its business until after the licenses sued for shall have been paid and that thus amended, said judgment be affirmed with costs.